UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

SAMUEL B. FORD,

    Plaintiff,

V.

HECTOR JOYNER, et al.,

    Defendants.

Civil Action No. 7: 23-034-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Samuel B. Ford is a federal prisoner who is currently confined at the United States Penitentiary ("USP")-Hazelton located in Bruceton Mills, West Virginia. Proceeding without an attorney, Ford has filed an Amended Complaint against officials at USP-Big Sandy in Inez, Kentucky. [R. 7] By prior order, the Court granted Ford's motion to proceed without prepayment of the filing fee. [R. 10] Thus, this matter is now before the Court to conduct a preliminary review of Ford's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8. Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). At this stage, the Court accepts Ford's factual allegations as true and liberally construes Ford's legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The Court evaluates Ford's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). However, while the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.") (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

In his Amended Complaint, Ford alleges that, after he was "forced" to receive the Pfizer Covid-19 vaccination while he was confined at USP-Big Sandy, he developed a blood clot that traveled to and lodged in his heart, requiring him to undergo a 6-hour open heart surgery. [R. 7 at p. 2] He states that he received the first shot of the vaccination in March 2021 and the second shot in April 2021. [*Id*. at p. 3] He then alleges that in May 2022, he was admitted to the University of Kentucky Medical Center and had heart surgery within 24 hours. [*Id*.] According to Ford, he "was diagnosed with blood clot caused by Pfizer's Covid-19 vaccination by University of Kentucky's cardiologist." [*Id*.] Based upon these allegations, he claims that Defendants Hector Joyner (the Warden at USP-Big Sandy) and the Unknown Director of Medical Services at USP-Big Sandy violated his rights under the Eighth Amendment. [*Id*. at p. 4] As relief, he seeks monetary relief in the amount of $10 million. [*Id*. at p. 8]

However, the Court has reviewed the complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, and concludes that it must be dismissed on initial screening for multiple reasons. First, it is evident from the face of the complaint that Ford has not fully exhausted his administrative remedies with respect to his claims. Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner

wishing to challenge the circumstances or conditions of his confinement must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). Further, mere attempts at exhaustion are not enough; instead, the PLRA requires "proper exhaustion of administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has defined proper exhaustion as "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. *See also* BOP Program Statement 1330.18 (Jan. 6, 2014).

Here, Ford states that he filed a request or appeal to the Warden regarding his claims on April 2, 2023, but he never received any response to "multiple grievances." [R. 7 at p.

4][1] However, the applicable federal regulation states that "[i]f the inmate does not receive a response within the time allotted for reply,…the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Thus, if the Warden did not respond to his request, that failure to respond is a constructive denial of his grievance and Ford may then appeal to the Regional Office, then to the Office of the General Counsel. He admits that he did not do so. Ford's admission that he has not yet exhausted his administrative remedies in this case warrants dismissal of his complaint without prejudice. *Napier v. Laurel County*, 636 F.3d 218, 222 (6th Cir. 2011).

However, in addition to failing to exhaust his administrative remedies, Ford's Amended Complaint fails to state a claim for which relief may be granted against either of the named Defendants. Constitutional claims against individual federal employees are brought pursuant to the doctrine of *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), which held that an individual may "recover money damages for any injuries...suffered as a result of [federal] agents' violation of" his constitutional rights." *Id*. at 397. However, while *Bivens* expressly validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Iqbal*, 556 U.S. at 676-677. *See also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017). Thus, a plaintiff must "plead that each

---

[1] Confusingly, Ford also indicates that he did not file a grievance at all, because "the Bureau of Prisons cannot re-imburse me for the amount of physical and emotional suffering I endured due to their negligence." [R. 7 at p. 5]  Despite this reference to negligence, Ford is clear that his claim is that his Eighth Amendment rights were violated. He does not purport to bring a negligence claim against either named Defendant, nor does he invoke the Federal Tort Claims Act, 28 U.S.C. § 2670 *et seq*. ("FTCA"), which provides the exclusive remedy for negligent or intentional acts committed by employees of the United States during the course of their employment, *see* 28 U.S.C. § 2679(b)(1), or name the United States as a defendant. *See Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (The "FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee.") (citing 28 U.S.C. § 2679(a)). Ford's failure to do so does not give this Court license to create an FTCA claim on his behalf, particularly absent any allegations of negligent conduct by any federal employee.

Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.  Indeed, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill*, 630 F. 3d at 471); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Here, Ford makes no allegation of any conduct specific to either Defendant, thus he does not indicate anything that either of the individual Defendants did or did not do to violate Ford's Eighth Amendment rights.  Rather, by naming Warden Joyner and the Director of Medical Services as the Defendants, Ford appears to be proceeding against each Defendant based upon their respective roles as supervisors.  However, supervisory status is an insufficient basis to pursue a *Bivens* claim against either Defendant, as *respondeat superior* is not an available theory of liability.  *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981).  *See also Iqbal*, 556 U.S. at 677 ("[i]n a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer.").  Nor is Joyner's response (or alleged non-response) to Ford's grievance a sufficient basis for a *Bivens* claim against him, as prison officials are not liable for denying or failing to act on grievances.  *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008).  *See also Nwaebo v. Hawk-Sawyer*, 100 F. App'x 367, 369 (6th Cir. 2004) (citing *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999)).

Finally, Joyner is a prison administrator, not a medical professional, and Ford makes no allegation that Joyner was directly and personally involved in making medical decisions regarding Ford's medical care.  *See Estate of Young v. Martin*, 70 F. App'x 256, 260-61 (6th Cir. 2003) (plaintiff failed to establish warden's personal involvement in inmate's medical care).  To establish that non-medical personnel such as a warden or jailer was deliberately indifferent to an inmate's

serious medical needs, the plaintiff must demonstrate that he or she intentionally prevented or interfered with a doctor's course of appropriate treatment, or directly or tacitly authorized the physician's clear mistreatment or neglect of an inmate, none of which is alleged here. *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004) ("If a prisoner is under the care of medical experts...a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."). *See also Coleman v. Lappin*, No. 6: 10-CV-186-GFVT, 2011 WL 4591092, at *6-7 (E.D. Ky. 2011) (collecting cases). Because Ford does not allege that Joyner personally and intentionally interfered with any specific medical treatment that was actually ordered by medical providers, he fails to adequately allege an Eighth Amendment claim against him.

For all of these reasons, Ford's Amended Complaint will be dismissed on initial screening for failure to state a claim for which relief may be granted.

Accordingly, the Court hereby **ORDERS** as follows:

1. Ford's Amended Complaint [R. 7] is **DISMISSED**, without prejudice;
2. Any pending requests for relief are **DENIED** as moot;
3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket; and
4. Judgment shall be entered contemporaneously herewith.

This 13th day of October, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY